MAYOR OF THE CITY OF LOWELL *vs.* GIRARD P. DADMAN
& others.

Middlesex.    February 26, 1906. — April 3, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & SHELDON, JJ.

*Municipal Corporations.    Constitutional Law.    Veto.*

Under R. L. c. 26, § 9, an attempt of the mayor of a city to veto an order of the
city council without stating his objections in writing in returning it is of no
effect.

R. L. c. 26, § 9, giving a limited veto power to the mayor of a city contains the
same requirement which the Constitution of the United States and that of this
Commonwealth impose respectively on the President and the Governor, that he
must return an order of which he disapproves " with his objections in writing."

LATHROP, J.    This is a petition for a writ of *certiorari* by the
mayor of the city of Lowell against the city clerk of that city,
seeking to have a certain joint order of the city council of that
city, redistricting the city into a new division of wards, declared
illegal.    The case was heard by a single justice of this court,
who ordered a decree to be entered dismissing the petition,
and, at the request of the petitioner, reported the case for our
consideration.

No question is made as to the proper passing of the order by
the city council.    The mayor attempted to veto the order, and
the only question is whether the veto had any force or effect.
The veto in question was dated April 13, 1905, and was ad-
dressed to the city council of the city of Lowell, and signed
by the mayor.    It was in these words :  " I herewith return with-
out my approval joint order entitled 'Providing for a new divi-
sion of the territory of the city of Lowell into wards.'"    By the
R. L. c. 26, § 9, the mayor was required, if he disapproved of
the order, to return it, " with his objections in writing."    The so
called veto contained no statement of objections, and was of no
effect.

The language of the Constitution of the United States and of
this Commonwealth is the same in substance as that in the stat-
ute above cited.    U. S. Const. art. 1, § 7.    Mass. Const. c. 1, § 1,
art. 2.    The reason why it is necessary that the objections

should be stated is plain. It is that the body passing the order should have an opportunity to weigh and consider the objections, and determine whether it is right or wrong. *Harpending* v. *Haight*, 39 Cal. 189, 199. *Truesdale* v. *Rochester*, 33 Hun, 574, 576. *People* v. *Bowen*, 21 N. Y. 517, 521 *et seq.*

In this country the absolute veto is unknown; the qualified or limited veto is all an executive has. *Harpending* v. *Haight*, 39 Cal. 189, 201. *People* v. *Board of Councilmen*, 20 N. Y. Supp. 51, 52. Cooley, Const. Lim. (6th ed.) 184.

The attempt on the part of the mayor to return an absolute veto was of no effect.

*Petition denied.*

*J. W. McEvoy*, for the plaintiff.
*J. G. Hill*, for the defendants.