ANTHONY P. McQUADE &. another *vs.* CITY OF
SPRINGFIELD & others.

Hampden.    December 9, 1948. — February 10, 1949.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Municipal Corporations*, Municipal finance, Water department. *Springfield. Words*, "Fixed by law."

The water department of the city of Springfield is a "department" of the city within G. L. (Ter. Ed.) c. 44, § 31, as appearing in St. 1946, c. 358, § 23, and is subject to the limitations upon incurring liabilities therein contained.

The city of Springfield is not bound to appropriate sufficient money to meet salaries of officers and employees of the water department as fixed by the board of water commissioners and to purchase equipment determined by that board to be necessary.

Salaries of officers and employees of the water department of the city of Springfield, as fixed by the board of water commissioners, are not "fixed by law" within G. L. (Ter. Ed.) c. 44, § 33A, as appearing in St. 1947, c. 298, § 1.

PETITION, filed in the Superior Court on May 14, 1948.

The case was heard on demurrer by *Donnelly*, J.

*C. V. Ryan*, for the petitioners.

*C. D. Sloan*, City Solicitor, for the respondents.

LUMMUS, J. This is a petition for a writ of mandamus, brought by a majority of the board of water commissioners of the city of Springfield, against the city, its mayor, its board of aldermen and its common council, to require the respondents to appropriate sums needed to pay the salaries of officers and employees of the water department of the city as fixed by the board of water commissioners and to purchase $40,550 worth of equipment determined to be

necessary by said board. We do not pass upon the standing of the petitioners. The respondents demurred, and their demurrer was sustained. The petitioners appealed.

By the original charter of the city of Springfield, St. 1852, c. 94, § 8, the city council was empowered annually to appoint or elect all subordinate officers, other than a few not connected with the water department who were specifically named, "and fix their compensations in cases where the same are not defined and fixed by the laws of the Commonwealth." And further it was provided that "The city council shall take care that no moneys are paid from the treasury, unless granted or appropriated . . .; shall have the care and superintendence of the city buildings, and the custody and management of all city property, with the power to let or to sell what may be legally sold, and to purchase property, real or personal, in the name and for the use of the city, whenever the interest or convenience of the inhabitants may, in their judgment, require it."

General Laws (Ter. Ed.) c. 44, § 31, as appearing in St. 1946, c. 358, § 23, provides that "No department financed by municipal revenue, or in whole or in part by taxation, of any city or town, except Boston, shall incur a liability in excess of the appropriation made for the use of such department," except in cases of extreme emergency involving the health or safety of persons or property. And by G. L. (Ter. Ed.) c. 44, § 1, as amended by St. 1946, c. 358, § 10, "Revenue" is defined as "receipts from (1) the exercise of governmental power of taxation and police control; (2) donations, gifts, grants and subvention for governmental use; (3) performing services for compensation and from the operation or management of productive enterprises, investments and properties of government." The water department of Springfield is a department of the city within § 31, *supra. Demos Brothers General Contractors, Inc.* v. *Springfield,* 322 Mass. 171, 174. *Mayor of Haverhill* v. *Water Commissioners of Haverhill,* 320 Mass. 63. *Commissioners of Woburn Cemetery* v. *Treasurer of Woburn,* 319 Mass. 86, 91. *Shea* v. *Inspector of Buildings of Quincy, ante,* 552, 558.

General Laws (Ter. Ed.) c. 44, § 53, provides that moneys

received by any town department shall be paid into the town treasury, and shall not be later used by such department without a specific appropriation thereof. The word "town" includes a city. G. L. (Ter. Ed.) c. 4, § 7, Thirty-fourth.

Under the statutes already cited, the city was not required to appropriate money to meet the requirements of the board of water commissioners, but that board was bound to live within the appropriations made for it by the city council. The case is not like those in which it has been held that a city or town is required to appropriate money for the support of public schools in accordance with the requirements of the school committee. G. L. (Ter. Ed.) c. 71, § 34, as it appears in St. 1939, c. 294. *O'Brien* v. *Pittsfield*, 316 Mass. 283. *Watt* v. *Chelmsford, ante,* 697.

The petitioners rely upon G. L. (Ter. Ed.) c. 44, § 33A, as it appears in St. 1947, c. 298, § 1, which provides that "The annual budget shall include sums sufficient to pay the salaries of officers and employees fixed by law or by ordinance." In *McCarthy* v. *Malden*, 303 Mass. 563, it was held that a salary fixed by a municipal board of park commissioners was not one "fixed by law."

*Order sustaining demurrer affirmed.*
*Judgment for the respondents.*