Joseph P. Oleksak & others vs. City of Westfield & others.

Hampden.    November 9, 1960. — February 9, 1961.

Present: Wilkins, C.J., Spalding, Williams, Whittemore
& Cutter, JJ.

Statute, Acceptance.   Municipal Corporations, By-laws and ordinances,
Municipal finance.   Police.   Public Officer.

The phrase "Notwithstanding the provisions of any general or special law
to the contrary" in G. L. c. 41, § 108E, relating to minimum compensa-
tion of police officers refers only to the compensation provisions of the
section and does not apply to the last paragraph dealing with acceptance
of the section.   [51]
A vote of the city council in a city not having a Plan E charter, accepting
G. L. c. 41, § 108E, relating to minimum compensation of police officers,
was not an ordinance and was not invalidated by certain provisions of
the city charter relating to ordinances, nor was c. 44, § 33A, applicable;
and the acceptance was valid.   [52–53]
It was not to be assumed that city officers would not govern themselves
in accordance with a declaratory decree ordered by this court to be
entered in a suit in equity to which they were parties, so that it was
unnecessary to enter orders against them.   [53]

Bill in equity filed in the Superior Court on January
22, 1960.

The suit was reported by Lurie, J.

Joseph E. Kerigan, for the plaintiffs.

Edward M. Lee, City Solicitor, for the defendants.

Wilkins, C.J.   This suit in equity for a declaratory de-
cree is reported without decision by a judge of the Superior
Court after agreement as to all the material facts.   G. L.
(Ter. Ed.) c. 214, § 31.   The plaintiffs, members of the
police department of the defendant city, bring the bill for
the benefit of all members of the department.   Other de-
fendants are the chief of police, the city auditor, and the
city treasurer.   The bill alleges that the management and
control of the department are vested in a police commission
of three members appointed by the mayor the composition
of which has been changed and is unknown to the plain-

tiffs.[1]   A demurrer and a plea in abatement were waived at the arguments before us.

The underlying question on the merits is whether the city has properly accepted St. 1959, c. 228, which inserts § 108E in G. L. c. 41: "Notwithstanding the provisions of any general or special law to the contrary, the minimum annual compensation of each regular police officer of the police department of any city or town shall be not less than the following: . . .

"This section shall become effective when accepted in a city having a plan E charter by the affirmative vote of a majority of all the members of the city council, and, in the case of other cities by vote of the city council, subject to the provisions of the charter, and in a town by majority vote at an annual town meeting." Westfield is incorporated under St. 1920, c. 294, as amended, and does not have a Plan E charter.

The statute is lacking in desirable clarity.   The opening phrase, "Notwithstanding the provisions of any general or special law to the contrary," we shall treat as referring only to the compensation provisions, and not as modifying the last paragraph relating to acceptance by the city council.   We do so without reliance upon G. L. c. 41, § 108D, inserted by St. 1960, c. 260,[2] relating to minimum annual compensation for fire fighters.

We are now faced with another ambiguity presented by the phrase "subject to the provisions of the charter."   See *Brucato* v. *Lawrence,* 338 Mass. 612, 617.   Trouble arises from the location of the phrase in the sentence and from its being set off by commas.   The plaintiffs contend that all the phrase does is to draw a contrast between acceptance by a majority of the full membership of the council under a Plan E charter and acceptance by a vote of the council by a majority of a quorum under other charters.   The defendants, on the other hand, contend that the phrase imports certain provisions of the charter of Westfield with which

---

[1] The agreed facts give the names of the then current members.   The docket does not show that they have been made parties.

[2] Statute 1960, c. 260, amended G. L. c. 41, § 108D, inserted by St. 1958, c. 621 (which was substantially similar to § 108E), by adding a reference to G. L. c. 44, § 33A, to the "Notwithstanding" clause.

there should have been compliance. For reasons which will later appear, we do not have to resolve this doubt.

The city council is composed of eleven members. On December 3, 1959, at a meeting at which ten were present, it was unanimously "Voted: That Section 108E of Chapter 41 of the General Laws be and hereby is Accepted." No publication of this vote was ever made, and there was no second reading of the vote. On December 28, 1959, at a meeting at which ten were present, by a vote of seven to three, it was "Voted: That the sum of $240.63 be Transferred from Paid Holidays in the Police Department budget to item Patrolmen's Salaries, $217.71 and item Sergeants' Salaries, $22.92 to make effective the provisions of Section 108E of Chapter 41 of the General Laws as of December 29, 1959." Both votes were approved by the mayor.

The defendants contend that the vote of December 3 violated sections 28, 29, 30, and 31 of the city charter.[1] These all relate to ordinances. For example, § 28 prohibits the passage of an ordinance on the day it is introduced unless there is an emergency preamble and a two-thirds affirmative vote; and § 31 calls for newspaper publication of ordinances. Further elaboration is not needed, because we are of opinion that the acceptance of the statute by the council under the power conferred by the Legislature was not an ordinance. See McQuillin, Municipal Corporations (3d ed.) § 15.01. It was a procedure, originating out of deference to the policy of "home rule," whereby the municipality was accorded an option to make a part of our statute law, which is of general application in the Commonwealth, effective within the city area. See G. L. c. 4, § 4; § 4A, inserted by St. 1952, c. 223. A return of the result of such action of the city council must be made to the Secretary of State. G. L. c. 4, § 5. On the other hand, an ordinance is a legislative enactment of a city effective only within its own boundaries, and no return to any State authority is required after its enactment.

An act once accepted is beyond the power of the council

---

[1] These numbers are unofficial and made for convenience. See Revised Ordinances of the City of Westfield (1952). Their respective numbers in St. 1920, c. 294, are §§ 19, 20, 21, and 22.

to rescind, lacking such an express statutory authorization.  *Brucato* v. *Lawrence,* 338 Mass. 612, 616.  An ordinance, on the other hand, can be repealed by a later ordinance.  McQuillin, Municipal Corporations (3d ed.) § 21.10.  See § 29, Westfield charter; St. 1920, c. 294, § 20.  See, as to uniform charters, c. 43, § 21; and definition of "ordinance" in § 1.

We are of opinion that § 33A of the municipal finance act, G. L. c. 44,[1] does not apply.  It relates in large part to ordinances.  The portion which purports to prohibit an "increase in rate . . . by . . . vote" under certain prescribed conditions cannot have any effect in the present case because § 108E establishes the minimum annual compensation of police officers "Notwithstanding the provisions of any general or special law to the contrary."  See *Brucato* v. *Lawrence,* 338 Mass. 612, 619.

We do not accept the defendants' contention that somehow the vote of December 28 vitiated the vote of December 3.

No order will be entered against the defendants who are city officials.  It will not be assumed that they will not comply with the decree to be made.  *School Comm. of Gloucester* v. *Gloucester,* 324 Mass. 209, 220.  *Times Film Corp.* v. *Commissioner of Pub. Safety,* 333 Mass. 62, 63.

A decree is to be entered declaring that G. L. c. 41, § 108E, was validly accepted by the defendant city.

*So ordered.*

---

[1] Section 33A, as amended through St. 1955, c. 358, provides: "The annual budget shall include sums sufficient to pay the salaries of officers and employees fixed by law or by ordinance.  Notwithstanding any contrary provision of any city charter, no ordinance providing for an increase in the salaries or wages of municipal officers or employees shall be enacted except by a two thirds vote of the city council, nor unless it is to be operative for more than three months during the financial year in which it is passed; provided, however, that in any year other than a regular municipal election year, ordinances may be enacted by a two thirds vote during the month of December providing for an increase in the salaries and wages of officers and employees, to become effective as of January first of the next ensuing year.  No new position shall be created or increase in rate made by ordinance, vote or appointment during the financial year subsequent to the submission of the annual budget providing for an increase therefor has been made by means of a supplemental appropriation.  No ordinance, vote or appointment creating a new position in any year in which a municipal election is held shall be valid and effective unless said ordinance, vote or appointment is operative for more than three months during said municipal election year."