COUNCILLORS OF BROCKTON & another *vs.* WILLIAM A.
GILDEA & others
(and a companion case[1]).

Plymouth. December 5, 1961. — February 13, 1962.

Present: WILKINS, C.J., SPALDING, WILLIAMS, & WHITTEMORE, JJ.

*Municipal Corporations,* By-laws and ordinances, Municipal finance, Of-
ficers and agents. *Equity Pleading and Practice,* Appeal.

St. 1959, c. 523, § 1, merely increasing the maximum amount of the salary
of the city manager of Brockton, did not affect the requirement of other
statutes that the salary be fixed by an ordinance adopted by the city
council by a two-thirds vote. [632–633]
Under G. L. c. 43, §§ 17A, 89, and St. 1959, c. 523, § 1, the salary of the
city manager of Brockton, a city having a Plan D charter, was not in-
creased from the amount at which it had been fixed by ordinance merely
by adoption by the city council of an annual budget including an appro-
priation for an increased salary: the vote adopting the budget was not
an ordinance fixing the salary anew. [633–634]
In a suit in equity for declaratory relief brought by a city council, an
appeal from a final decree that a designated person was the duly ap-
pointed, qualified and acting auditor of the city, taken by one "as he is
the city manager" but by no other party, was dismissed for want of
prosecution by an aggrieved party where it appeared that the appellant
had ceased to hold office, that he had paid the costs of the appeal from
his personal funds, that the appeal was not authorized or ratified by the
city or by a succeeding acting city manager, and that the acting city
manager had not substituted and did not intend to substitute himself as
appellant and did not appear to argue the appeal. [634–635]

Two BILLS IN EQUITY, filed in the Superior Court on May
19, 1960, and May 16, 1960, respectively.

The suits were heard by *Paquet,* J.

*Frederick H. Balboni,* for William A. Gildea.

*Walter J. MacDonald, Jr.,* (*Owen F. Brock* with him,)
for Mildred M. Lipper.

*P. J. Piscitelli,* Assistant Attorney General, for the Civil
Service Commission.

[1] The companion case is by the same plaintiffs against Mildred M. Lipper
and others.

WHITTEMORE, J.

THE CASE CONCERNING THE CITY MANAGER'S SALARY.

The city council of Brockton, a Plan D city, in May, 1960, brought a bill for declaratory relief to have determined whether the city manager, William A. Gildea, was entitled to an increase in salary from $10,000 to $13,000. Mildred M. Lipper "as she is auditor or temporary auditor of the city," who had refused to approve a payroll item at the increased rate, and Leo V. Clancy, the city treasurer, who had refused to pay the increase, are, with Gildea, the parties defendant. The case was heard on stated paragraphs of the pleadings and on facts which, by agreement of the parties, were stated as evidence by the city solicitor.

The judge in the final decree ruled in substance that an increase in the salary of city manager could be made only by a city ordinance adopted by a two-thirds vote, that a budget appropriation providing for the increase in salary, passed by a two-thirds vote, was not the legal equivalent of a city ordinance and that the salary had not been increased.

These rulings were right.

General Laws c. 43, § 17A, generally applicable to cities, provides that "The mayor or city manager . . . shall receive . . . such salary as the city council shall by ordinance determine . . . ." General Laws c. 43, § 89, applicable to a Plan D city, provides that the city manager ". . . shall receive such compensation as . . . [the city council] shall fix by ordinance, but not exceeding ten thousand dollars annually in cities having a population of less than one hundred thousand or twenty thousand dollars annually in cities having a population of one hundred thousand or more." A city ordinance had fixed the city manager's salary at $10,000 for the year 1958 and annually thereafter. Statute 1959, c. 523, § 1, provided, "Notwithstanding any provision of section eighty-nine of chapter forty-three of the General Laws to the contrary, the city manager of the city of Brockton shall receive such compensation as the city council shall determine, but not exceeding fifteen thousand dollars annually." Under § 2 of the stat-

ute this became effective in Brockton by majority vote of the council December 14, 1959. The city manager's budget for 1960 included $15,000 for his salary. The city council reduced this to $13,000 and adopted the budget March 28, 1960, by a two-thirds vote. General Laws c. 44, § 33A, as amended through St. 1955, c. 358, provides that the "annual budget shall include sums sufficient to pay the salaries of officers and employees fixed by law or by ordinance. Notwithstanding any contrary provision of any city charter, no ordinance providing for an increase in the salaries or wages of municipal officers or employees shall be enacted except by a two thirds vote of the city council, nor unless it is to be operative for more than three months during the financial year in which it is passed; provided, however, that in any year other than a regular municipal election year, ordinances may be enacted by a two thirds vote during the month of December[1] providing for an increase in the salaries and wages of officers and employees, to become effective as of January first of the next ensuing year."

There is no inconsistency between St. 1959, c. 523, and G. L. c. 43, § 89, in respect of those requirements which fix the way the city council shall act. The only provision in § 89 to the contrary of c. 523 was the limitation of $10,000. The implication of St. 1959, c. 523, is that the determination by the city council of the amount of salary up to $15,000 shall be in the way that other expressly applicable statutes provide.

The vote adopting the budget was not an ordinance fixing salaries. *Fortin* v. *Chicopee*, 301 Mass. 447. *Forbes* v. *Woburn*, 306 Mass. 67, 74. See *Oleksak* v. *Westfield*, 342 Mass. 50, 52–53. For statutory provisions in respect of the adoption of ordinances, see G. L. c. 43, §§ 20–23. Even if "ordinance" were to be so construed as to include a vote not so denominated (see *Brucato* v. *Lawrence*, 338 Mass. 612, 619), there was no such vote. The provisions for adoption of a budget (G. L. c. 44, § 33A, first sentence) con-

---

[1] Statute 1960, c. 301, approved April 11, 1960, effective ninety days thereafter, added the month of November to this proviso.

template prior action, independent of the consideration of the budget, fixing the salaries therein provided for. See *Robinson* v. *Selectmen of Watertown,* 336 Mass. 537, 546. The provision permitting action to increase salaries for the ensuing year near the end of certain years emphasizes the intention for action prior to the budget. Good reasons can be adduced for requiring separate consideration of the fixing of salaries or of salary changes; it is not a merely formal requirement. The budget vote did not purport to change the existing ordinance which fixed the salary at $10,000. This ordinance was in effect and determined the city manager's salary.

The requirements of c. 44, § 33A, of a two-thirds vote for a salary increase were in terms applicable. Nothing in St. 1959, c. 523, spoke to the contrary. Although not necessary to the decision that no ordinance was adopted, the decree did not err in the ruling that a two-thirds vote was required.

The only appeal was by Gildea as city manager. For his continuing interest in the salary of the office notwithstanding his removal see statement in the opinion below in respect of an order for judgments in the Superior Court.

*Decree affirmed.*

THE CASE CONCERNING THE CITY AUDITOR.

The city council brought another bill for declaratory relief against the city auditor (Lipper), the city manager (Gildea), and the civil service commission (the commission) to determine Lipper's right to and tenure in the office of the city auditor. The judge ruled that Lipper is the duly appointed, qualified and acting auditor of the city. An appeal was taken by Gildea "as he is the city manager" but by no other party. The commission has moved to dismiss Gildea's appeal. Lipper has joined in the motion which incorporates a sworn statement of these facts and copies of votes and an order for judgments: Gildea on April 20, 1961, was removed from his office by vote of the city

council; the city clerk was designated acting city manager by vote of the council on April 22, 1961; Gildea on July 10, 1961, filed petitions in the Superior Court for writs of certiorari and mandamus seeking reinstatement; on November 14, 1961, Gildea's petitions for extraordinary writs were ordered dismissed by a judge in the Superior Court without prejudice to the bringing of other proceedings for claim for compensation; the costs of printing the record on this appeal and the entry fee have been paid by Gildea from his personal funds; the entry of the appeal has not been authorized or ratified by the city or its acting city manager and the latter has taken no steps to substitute himself and, according to the information and belief of the affiants, does not intend to do so.

No one has appeared to argue the appeal on behalf of a city manager or acting city manager in office. The brief of the appellant is "for respondent William A. Gildea."

We do not reach the issue whether the duties prescribed by G. L. c. 43, § 90, would give a city manager in office standing to appeal as an aggrieved party under G. L. c. 214, § 19.

The appeal is dismissed for want of prosecution by an aggrieved party. Lipper is to have costs of the appeal as against Gildea.

*So ordered.*