CHARLES A. DOHERTY & others *vs*. CITY OF WOBURN.

Middlesex.    February 4, 1963. — March 1, 1963.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & REARDON, JJ.

*Municipal Corporations*, By-laws and ordinances, Municipal finance, Employees. *Woburn. Interest.*

An ordinance enacted by a two-thirds vote of a city council in December in a year other than a regular municipal election year, "fixing higher rates of pay" to become effective the ensuing January first for certain municipal employees whose salaries had theretofore been fixed by executive authority and not "by law or by ordinance," was an ordinance fixing salaries and was valid under G. L. c. 44, § 33A, as amended through St. 1955, c. 358.    [525–527]

An ordinance fixing higher rates of pay for certain municipal employees, passed by a city council by a two-thirds vote in December and over the mayor's veto in January of the next year, prior to the submission of the annual budget for the later year, became effective in that year and was "to be operative for more than three months" during that year and was valid under G. L. c. 44, § 33A, as amended through St. 1955, c. 358.    [526–527]

Adoption of an ordinance by the city council of Woburn fixing salaries of certain members of the department of public works and valid under G. L. c. 44, § 33A, as amended through St. 1955, c. 358, was not precluded by provisions of the city charter, St. 1897, c. 172, prohibiting the council from taking part "in the employment of labor, the making of contracts . . . the conduct of any of the executive . . . business of the city, or in the expenditure of public money"; nor was the adoption of the ordinance an incurring of "liability" within a provision of the charter that no liability should be incurred in behalf of the city prior to an appropriation sufficient to meet it.    [527–528]

Upon valid adoption under G. L. c. 44, § 33A, as amended through St. 1955, c. 358, of an ordinance by a city council increasing the compensation of certain city employees, and failure to provide for such increases in subsequent budgets, the employees were entitled to recover the increases in an action of contract against the city.    [528]

Interest on additional compensation due a municipal employee was payable only from the date on which he commenced a proceeding against the municipality to recover such compensation where it was not shown that he had made any demand therefor prior to that date.    [528]

PETITION for a writ of mandamus filed in the Superior Court on July 26, 1960.

The case was subsequently amended into an action of contract and was reported by *Vallely*, J.

The case was submitted on briefs.

*James F. Freeley, Jr.*, for the plaintiffs.

*James F. Lawton, Jr.*, City Solicitor, for the defendant.

CUTTER, J.  This is an action at law in seventy counts,[1] each of which is in behalf of a particular plaintiff employed by the city's department of public works (the department). Each employee seeks to recover the excess of (a) the wages to which the employee claims to be entitled by virtue of action of the Woburn city council in 1958 and 1959, over (b) the wages actually paid to the employee in accordance with the rates in effect prior to the council action.  An auditor made findings, which by stipulation have been treated as final and as constituting all the material facts.  The case has been reported without decision.

Prior to "December 1958, the salaries of the plaintiffs . . . were not fixed by law or by ordinance.  Their salaries were under the executive power of the mayor and the superintendent of public works acting under the general supervision and control of the mayor."  On December 18, 1958, the city council passed to be ordained an ordinance "fixing higher rates of pay for employees of the department," including most of the plaintiffs.  The mayor vetoed the ordinance and on December 30, "the council passed the ordinance over the veto."  On December 30, also, the council passed to be ordained a second ordinance fixing higher rates

---

[1] This long declaration (in a proceeding originally commenced on July 26, 1960, as a petition for a writ of mandamus and subsequently amended to an action of contract) consumes ninety-three pages of the printed record, which contained only fourteen other pages.  No useful purpose has been served by printing all of it, especially since the auditor's report constitutes a case stated. *Abrams* v. *Reynolds Metals Co.* 340 Mass. 704, 705.  It would have been appropriate for the parties by agreement, or for the judge by his report, to have caused to be printed not more than one count of the declaration as representative of each group of counts applying to any one separate class of employees among the plaintiffs.  The original declaration, or a copy, could have been ordered transmitted to this court without printing.  Such saving of expense might also have been obtained by application to this court or a single justice. See Rules for the Regulation of Practice before the Full Court, Rules 1, 4, 10 (see amendment, November 5, 1962), 328 Mass. 692, 695, 697.

of pay for other employees of the department, including the rest of the plaintiffs. The mayor vetoed this second ordinance on December 31, and on January 8, 1959, the council passed it over his veto. 1958 was not an election year. The ordinances were enacted by more than a two-thirds vote of the council and prior to the submission of the 1959 annual budget. The city council by its action "sought to bring the plaintiffs . . . within the coverage of" G. L. c. 44, § 33A, as amended,[2] "by one joint action in which they placed the plaintiffs under ordinance and granted them an increase in pay effective" January 1, 1959. "No appropriation was submitted or passed up to the date of the action of the council in December 1958 to provide funds to pay the salary increases granted. . . . The . . . council never requested the mayor by vote to provide the appropriation necessary to cover the salary increases granted to the plaintiffs. . . . No provision was made by the . . . council to cover the cost of the salary increases by means of a supplemental appropriation."

1. The first ordinance was finally passed on December 30, 1958, over the mayor's veto by a two-thirds vote of the council, to become effective on January 1, 1959. This action (since 1958 was not an election year) met the requirements of the proviso in the second sentence of § 33A (see

---

[2] Section 33A (as amended through St. 1955, c. 358) reads: "The annual budget shall include sums sufficient to pay the salaries of . . . employees fixed by law or by ordinance. Notwithstanding any contrary provision of any city charter, [A] no ordinance providing for an increase in the salaries or wages of municipal . . . employees shall be enacted except by [B] a two thirds vote of the city council, nor [C] unless it is to be operative for more than three months during the financial year in which it is passed; [D] provided, however, that in any year other than a regular municipal election year, ordinances may be enacted by a two thirds vote during the month of December providing for an increase in the salaries and wages of officers and employees, to become effective as of January first of the next ensuing year. [E] No new position shall be created or increase in rate made by ordinance . . . during the financial year subsequent to the submission of the annual budget unless provision therefor has been made by means of a supplemental appropriation. [F] No ordinance . . . creating a new position in any year in which a municipal election is held shall be valid . . . unless said ordinance . . . is operative for more than three months during said . . . election year." The letters in brackets have been inserted to permit convenient reference to various portions of § 33A. Section 33A has been further amended by St. 1960, c. 301, to permit action (see point [D], *supra*) in accordance with the proviso during November as well as December in nonelection years.

Doherty *v.* Woburn.

fn. 2, *supra,* at point [D]).[3]   We think a salary is fixed by
ordinance within the meaning of the first sentence of § 33A,
even if that ordinance also establishes a rate of pay in
excess of a rate previously paid to the affected employees
and even if the salary of such employees was not thereto-
fore fixed by ordinance.   In effect, such an ordinance for
the first time (see *Councillors of Brockton* v. *Gildea,* 343
Mass. 631, 633–634) fixes by ordinance the salaries thereby
established.

The second ordinance complied with the second sentence
of § 33A.   It was an ordinance (see point [A], fn. 2, *supra*)
providing for an increase in the wages of municipal em-
ployees, enacted (see point [B], fn. 2) by a two-thirds vote,
and it was (see points [C] and [F], fn. 2) to be operative
for more than three months in the year in which it was
passed, 1959.   The council's action with respect to the sec-
ond ordinance was not complete until January 8, 1959, when
it was passed over the mayor's veto.   See St. 1897, c. 172,
§ 25; *Forbes* v. *Woburn,* 306 Mass. 67, 71.   Cf. *Minnie* v.
*Chicopee,* 344 Mass. 743, 745.

The last sentence of § 33A (point [F], fn. 2) does not
affect either ordinance.   Each ordinance was to be opera-
tive for more than three months during 1959.   The next to
the last sentence (point [E], fn. 2) also does not affect
either ordinance.   The increased salaries provided by each
ordinance were to be paid from appropriations of the 1959
financial year and action on each ordinance was completed
prior to the submission of the 1959 budget.   There was no

---

[3] This proviso was enacted by St. 1955, c. 358, upon the recommendation of
the Special Commission on Budgetary Procedure in Cities.   See 1955 Senate
Doc. No. 675.   See also *Morra* v. *City Clerk of New Bedford,* 340 Mass. 240,
243.   The commission's report indicates (pp. 12–14) that it was the intention
of the proviso that, during the "period from December first [in a year not an
election year] until the submission of the annual budget" in the next year,
"city councils [should] be permitted to consider ordinances providing for
salary and wage increases."   The proviso modified to a limited extent the
effect of the amendment of § 33A by St. 1947, c. 298, § 1, and to this extent
restored the type of action discussed in *Rock* v. *Pittsfield,* 316 Mass. 348, 349–
350.   The cases of *Clements* v. *Treasurer of Cambridge,* 324 Mass. 73, 74, and
*Booker* v. *Woburn,* 325 Mass. 334, 336, were decided prior to the 1955 and 1960
amendments of § 33A.   See Hardy, Municipal Law, §§ 183, 773, 776.   For the
legislative history of the 1947 amendments of § 33A, see *Brucato* v. *Lawrence,*
338 Mass. 612, 616–618.

occasion for any supplemental appropriation. See *Brucato* v. *Lawrence,* 338 Mass. 612, 617. The 1955 amendment of § 33A inserting the proviso (point [D], fn. 2) might have been made more clearly applicable to the next to the last sentence (point [E], fn. 2) of § 33A, as well as to the preceding sentence. The context of the proviso, however, and the legislative history of the amendment indicate to us that this application was intended. See fn. 3, *supra.* Cf. *Foley* v. *Lawrence,* 336 Mass. 60, 61, 63–64 (an attempt to increase salaries by ordinance adopted November 13 in an election year to become effective November 24 in that year).

2. There is no merit to the city's contention that the council was precluded from adopting the two ordinances by specific provisions of its charter found in St. 1897, c. 172, §§ 16, 22, 40.[4] Fixing of salaries did not constitute the employment of labor or the making of contracts. Such action as fixing salaries is the type of power frequently exercised by legislative bodies. It was not executive action forbidden to the council. See *Gorman* v. *Peabody,* 312 Mass. 560, 562–564; Rhyne, Municipal Law, §§ 8–15, 8–16. Cf. *Fluet* v. *McCabe,* 299 Mass. 173, 178–180. Indeed, G. L. c. 41, § 108A (as amended through St. 1948, c. 351), permits a city by ordinance to establish employee classifications and salary plans.[5] See *Amelotte* v. *Worcester,* 343 Mass. 155, 157. See also *Robinson* v. *Selectmen of Watertown,* 336 Mass. 537, 541–542. The passing of these ordinances did not constitute "expenditure of public money" or the incurring of

---

[4] The council may not "take part in the employment of labor, the making of contracts . . . the conduct of any of the executive . . . business of the city, or in the expenditure of public money" (§ 16). The "executive powers" are "vested solely in the mayor" (§ 22). No "expenditure shall be made nor liability incurred by or in behalf of the city until an appropriation has been duly voted by the city council sufficient to meet such expenditure or liability" (§ 40).

[5] Section 108A, as thus amended, reads, "A city *by ordinance* . . . may establish, and . . . amend, a plan classifying *any or all* positions [with exceptions not relevant] . . . into groups and classes doing substantially similar work or having substantially equal responsibilities. Such city . . . may *in like manner* or . . . by vote of the city council, subject to the provisions of its charter . . . establish, and . . . amend, a plan establishing minimum and maximum salaries to be paid to employees in positions *so classified*" (emphasis supplied). A subsequent amendment, St. 1960, c. 87, applies only to towns.

"liability" (see *Fisher* v. *Holyoke,* 342 Mass. 669, 673) although the first sentence of § 33A required budget provision for the salaries thereby fixed.

3. The ordinances validly fixed the salaries, effective January 1, 1959, of the employees included within their scope. It was the duty of the mayor to include the salaries thus fixed in the 1959 budget, and in subsequent budgets for each such employee who was to be continued in the service of the city during such years, respectively. See *Minnie* v. *Chicopee,* 344 Mass. 743, 746. Cf. *McQuade* v. *Springfield,* 323 Mass. 715, 717. The city has not argued that the auditor did not correctly find the amounts of additional compensation due to each plaintiff, if additional compensation was due at all. Each plaintiff is entitled to recover the additional pay found by the auditor to be due until July 25, 1960. The auditor's report does not show that any demand was made for the additional compensation owing to the plaintiffs prior to the commencement of these proceedings on July 26, 1960. Accordingly, each plaintiff is entitled to recover interest only from that date. See *Mayor of Cambridge* v. *Cambridge,* 228 Mass. 249, 253; *Crowley* v. *Boston,* 342 Mass. 344, 350–351; *Davidson* v. *Robie, ante,* 333, 341–342. The case is remanded to the Superior Court for the entry of judgments in accordance with this opinion.

<em>So ordered.</em>