HYNSON, WESTCOTT & DUNNING, INC. *vs.* COMMISSIONER OF PUBLIC HEALTH & another.

Suffolk.    December 4, 1963. — January 6, 1964.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & SPIEGEL, JJ.

*Drug. Interstate Commerce. Constitutional Law,* Interstate commerce, Who may question constitutionality. *Public Officer.*

G. L. c. 94, § 187F, in that it requires a foreign manufacturer of certain drugs shipping them into Massachusetts to obtain a license here at a stated fee, having no relation to any cost of inspection, for each of his places of business, whereas under § 187E a Massachusetts manufacturer of such drugs is required to obtain only a single license at the same fee irrespective of the number of his places of business, lays an unreasonable and discriminatory burden on interstate commerce and is void as in conflict with art. I, § 8, of the Federal Constitution.    [610]

The question whether G. L. c. 94, § 187F, lays an unreasonable and discriminatory burden on interstate commerce in violation of art. I, § 8, of the Federal Constitution in that it requires a foreign manufacturer of certain drugs shipping them into Massachusetts to obtain a license here at a stated fee for each of his places of business, whereas under

§ 187E a Massachusetts manufacturer of such drugs is required to obtain only a single license at the same fee irrespective of the number of his places of business, might be raised by a certain foreign manufacturer even though he had only one place of business since, if he were barred from raising the question and required to pay the fee, he would be at a disadvantage with other foreign manufacturers having more than one place of business and so entitled to raise the question. [610–611]

In a suit in equity against officers of the Commonwealth wherein this court ordered the entry of a declaratory decree to the effect that a certain statute was unconstitutional and void, it was not to be assumed that the defendants would not govern themselves in accordance with such decree, so that it was unnecessary to enter orders against them enjoining the enforcement of the statute. [611]

BILL IN EQUITY filed in the Supreme Judicial Court for the county of Suffolk on December 11, 1962.

The suit was reserved and reported by *Reardon,* J.

*Franklin N. Cunningham* (*George B. Rowell* with him) for the plaintiff.

*Benjamin Gargill,* Assistant Attorney General, for the defendants.

WILKINS, C.J.    A manufacturer of drugs and pharmaceutical and biological health products in Maryland, the State of its incorporation, brings this bill in equity against the Commissioner of Public Health and the Attorney General for a declaratory decree and to enjoin the enforcement of G. L. c. 94, § 187F, inserted by St. 1961, c. 603, which requires a license for shipping into this Commonwealth "harmful drugs" as defined in G. L. c. 94, § 187A (as amended through St. 1960, c. 200).   The case is reported without decision by a single justice upon the pleadings and a statement of agreed facts which amounts to a case stated.

The plaintiff has one manufacturing plant, which is located in Baltimore, and sells its products in various States including Massachusetts.   It maintains no place of business, office, warehouse, stock of merchandise, or salesmen within the Commonwealth.   Sales are effected by orders by mail, telegraph, and telephone from customers here to the plaintiff's place of business in Baltimore.   Orders are filled by shipments from without the Commonwealth by common carriers.   The customers include wholesalers, hospitals,

physicians, and pharmacists. The plaintiff has one "detail man" who calls upon doctors, dentists, hospitals, and clinics chiefly in the Boston area, in order to explain the use of the plaintiff's products and to recommend their use. He occasionally calls upon wholesalers for this purpose. He does not solicit orders but, when from time to time in isolated instances orders are given to him, he transmits them to the home office for acceptance or rejection by the company.

The plaintiff's plant is operated under the standards laid down pursuant to the Federal Food, Drug and Cosmetic Act, and is inspected from time to time by representatives of the Food and Drug Administration. It is licensed by the Division of Biologics Standards of the National Institutes of Health with respect to certain of its biological products, and is inspected from time to time by representatives of that division. It is also licensed by the Drug Commissioner's office of the State of Maryland and is inspected from time to time by the officials of that office. By amendments to the Federal Food and Drug Act in 1962 all companies manufacturing drugs, even for sale only in intrastate commerce, are subject to registration and inspection under the Federal Food and Drug Act.

The defendant Commissioner of Public Health does not presently contemplate the creation of a force of inspectors to inspect the premises of persons who may be licensed or seek to become licensed pursuant to § 187F. He contemplates that such inspections and investigations of plants of out-of-State manufacturers, such as the plaintiff, as are necessary to give information for the enforcement of the statute will be obtained either through officials of the Food and Drug Administration of the United States, or by a force of inspectors within the Department of Public Health should one hereafter be created.

The plaintiff refuses to become licensed, contending that § 187F lays an unreasonable burden upon interstate commerce and discriminates against out-of-State manufacturers in violation of the Federal Constitution, art. I, § 8, and the Fourteenth Amendment.

Section 187F provides: "A manufacturer, wholesaler, jobber, dealer or compounder in drugs or druggist located outside the commonwealth who ships any harmful drugs, as defined in section one hundred and eighty-seven A, into the commonwealth shall first obtain a license from the department. Such license shall apply only to one place of business of each such person outside the commonwealth, and shall expire one year from the date of issue. The fee for each such license and for each renewal thereof shall be twenty-five dollars. The department may revoke, suspend or refuse to renew the license of any such person for violation of any provision of this section or of any rule or regulation made by the department in connection herewith. No person within the commonwealth shall receive any such harmful drugs from a manufacturer, wholesaler, jobber, dealer or compounder in drugs or druggist located outside the commonwealth, who is not licensed under the provisions of this section. Any person within the commonwealth who violates any provision of this section shall be punished by a fine of not more than two thousand dollars or by imprisonment in a house of correction for not more than six months, or both."

The corresponding statute for the Commonwealth applies only to manufacturers, and there is but one license fee whatever the number of places of business. Statute 1961, c. 509, inserting § 187E in c. 94, provides in part: "No person shall manufacture any harmful drug as defined in section one hundred and eighty-seven A without a license to do so from the department of public health. The fee for such license shall be twenty-five dollars annually." The penalty provision is the same as § 187F.

Section 187A in its first paragraph as amended by St. 1954, c. 577, § 3, and by St. 1955, c. 718, § 1, provides: "For the purposes of this section, the term 'harmful drug' shall mean and include any and all drugs upon which the manufacturer or distributor has, in compliance with federal law and regulations, placed the following: — 'Caution — Federal law prohibits dispensing without prescription.' The

term 'harmful drug' shall in particular include any derivative, active principal, preparation, compound or mixture of barbituric acid, amphetamines, ergot or any hypnotic or somnifacient drug.''

A mere reading of the quoted sections demonstrates that while a manufacturer in this Commonwealth, irrespective of the number of its places of business, is subject to but a single annual license fee of $25, another manufacturer located outside the Commonwealth must pay an annual license fee of $25 for each place of business where there are manufactured ''harmful drugs'' which are shipped into the Commonwealth. These fees, moreover, bear no relation to any cost of inspection. Thus viewed, there is an obvious discrimination against the out-of-State manufacturer. The case falls within the authority of *Mueller* v. *Commissioner of Pub. Health,* 307 Mass. 270, and many cases in the Supreme Court of the United States. See, for example, *Hale* v. *Bimco Trading, Inc.* 306 U. S. 375, 378–380; *Memphis Steam Laundry Cleaner, Inc.* v. *Stone,* 342 U. S. 389, 394–395; *West Point Wholesale Grocery Co.* v. *Opelika,* 354 U. S. 390.

The defendants' brief in an effort to distinguish the *Mueller* case argues that all persons manufacturing ''harmful drugs'' are required to pay the same fee of $25. This is not true if the out-of-State manufacturer has more than one place of business outside the Commonwealth.

There is a general principle that only one whose rights are impaired by a statute can raise the question of its constitutionality, and he can object only as it applies to him. *Massachusetts Commn. against Discrimination* v. *Colangelo,* 344 Mass. 387, 390–391, and cases cited. *United States* v. *Raines,* 362 U. S. 17, 21. *McGowan* v. *Maryland,* 366 U. S. 420, 429. Here the plaintiff has but one place of business. But if required to pay the license fee, it will be at a disadvantage with other out-of-State manufacturers having more than one place of business and, hence, having the right to raise the question. We, accordingly, are of opinion that the practical situation of the plaintiff is such that it can rely

upon the ground of discrimination. See *Bethlehem Motors Co.* v. *Flynt,* 256 U. S. 421; *Nippert* v. *Richmond,* 327 U. S. 416, 431.

We are not called upon to decide other questions argued which might be more appropriately considered should the statute be presented to us in revised form.

No order will be entered against the defendants. It is not to be assumed that these public officers will not comply with the decree to be made. *Alves* v. *Braintree,* 341 Mass. 6, 12. *Oleksak* v. *Westfield,* 342 Mass. 50, 53. *Minnie* v. *Chicopee,* 344 Mass. 743, 747.

A final decree is to be entered declaring that G. L. c. 94, § 187F, inserted by St. 1961, c. 603, lays an unreasonable and discriminatory burden on interstate commerce and is void as in conflict with art. I, § 8, of the Constitution of the United States.

*So ordered.*