JOHN L. HACKETT & others *vs.* CITY OF WORCESTER.

Worcester.    December 4, 1963. — January 7, 1964.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & SPIEGEL, JJ.

*Municipal Corporations,* By-laws and ordinances, Municipal finance, Employees.

An ordinance enacted by a two-thirds vote of a city council in December in a year other than a regular municipal election year, increasing the salaries of certain municipal employees by moving the occupants of various grades in a previously established salary classification plan to other grades entitled to higher pay, the increases to become effective in part on April 1, in part on September 1, and in part on December 30 of the next ensuing year, and providing that the ordinance should "be-

come effective January 1" of that year, did become effective on that January 1 notwithstanding the provision for salary increases by stages, and was valid under G. L. c. 44, § 33A, as amended through St. 1960, c. 301; and, although the ordinance did not explicitly amend the salary classification plan, it did so in substance and was valid under c. 41, § 108A, as amended through St. 1960, c. 87.

BILL IN EQUITY filed in the Superior Court on February 26, 1963.

A demurrer was overruled and the suit was heard by *Vallely*, J.

*Harry J. Meleski*, City Solicitor, for the defendant.

*John M. Hart* for the plaintiffs.

*John F. Killeen* for the intervener, Raymond E. Whitney.

CUTTER, J. The plaintiffs and an intervener, as representatives of members of the police and fire departments of Worcester, by this bill in equity seek a declaration that an ordinance (the 1962 ordinance) adopted by the city council on December 17, 1962, is valid. The city's demurrer was overruled and the case was heard upon a statement of agreed facts constituting a case stated.[1] A final decree was entered declaring that the 1962 ordinance, by its terms to "become effective January 1, 1963," was valid "and a proper exercise of the power conferred on the [c]ouncil by" G. L. c. 44, § 33A, as amended, "even though the [pay] increase provided was deferred until April 1, 1963, September 1, 1963, and December 30, 1963." The city appealed.

The 1962 ordinance made various increases in the compensation of patrolmen and firemen (§ 1) and of police and fire officers (§ 3). These increases were to be effective in part on April 1, 1963, in part on September 1, 1963, and in part on December 30, 1963. They were expressed in terms of moving, on each of the dates just mentioned, the occu-

---

[1] The 1962 ordinance has been unnecessarily printed in the record three times. A long salary classification ordinance, effective September 1, 1960, containing much irrelevant tabular material, has also been printed unnecessarily. Although it was an exhibit attached to the statement of agreed facts, upon certificate of the trial judge, this exhibit could have been transmitted to this court without reproduction. See Rule 6 (B) of the Rules for the Regulation of Practice before the Full Court (1952), 328 Mass. 696. See also the second and third pars. of G. L. c. 231, § 135, as amended by St. 1941, c. 187.

pants of various classified grades in the two departments to other grades entitled to higher pay. The several grades and the compensation of the persons in each grade were fully defined in the salary classification plan mentioned below. Section 4 provided that the ordinance should "become effective January 1, 1963."[2]

Worcester is operating under the Plan E form of government, G. L. c. 43, §§ 93–116, as amended. The city on September 29, 1949, pursuant to G. L. c. 41, § 108A, established a salary plan classifying all positions and establishing by ordinance (now embodied in the salary classification ordinance effective September 1, 1960, see fn. 1, *supra*) a pay grade for each classification and minimum and maximum rates of compensation therefor, with provision for step rate increases.

The year 1962 was not an election year in Worcester. On December 17, 1962, the city council by a seven to two vote adopted the 1962 ordinance.

1. The city's principal contention is that the 1962 ordinance was not in compliance with G. L. c. 44, § 33A (as amended through St. 1960, c. 301), which so far as here relevant is set out in the margin.[3] The city submits in effect (1) that the 1962 ordinance provisions making the pay increases effective in three instalments on April 1, Sep-

---

[2] Section 2 of the ordinance provided that, beginning on January 1, 1964, members of the police and fire departments were to be prohibited "from engaging in any other work except that which is of like nature and related to their regular duties."

[3] Section 33A reads in part, "The annual budget shall include sums sufficient to pay the salaries of officers and employees fixed . . . by ordinance. . . . [N]o ordinance providing for an increase in the salaries or wages of municipal officers or employees shall be enacted except by a two thirds vote of the city council, nor unless it is to be operative for more than three months during the financial year in which it is passed; [A] provided, however, that in any year other than a regular municipal election year, ordinances may be enacted by a two thirds vote during the months of November and December providing for an increase in the salaries and wages of officers and employees, [B] to become effective as of January first of the next ensuing year. No new position shall be created or increase in rate made by ordinance, vote or appointment during the financial year subsequent to the submission of the annual budget unless provision therefor has been made by means of a supplemental appropriation. . . ." The letters [A] and [B] in brackets have been inserted for convenience in referring to the language immediately following these letters.

tember 1, and December 30, 1963, are inconsistent with the provision that the ordinance as a whole shall become effective January 1, 1963, and (2) that these provisions were not in conformity with the permission given in the proviso in § 33A (see language following point [A], fn. 3) for the city council to make certain salary increases during the months of November and December in a nonelection year "to become effective as of January first of the next ensuing year" (see language following point [B], fn. 3).

The ordinance complies with § 33A. It was enacted by more than a two thirds vote of the city council in December of a nonelection year, 1962. The ordinance as a whole was to become effective on January 1, 1963, the first day of the next ensuing year. It prescribed, when considered in relation to then existing pay schedules, the rates of pay to be received by members of the city's fire and police departments during the whole of 1963. The pay rates thus set were made definite prior to the dates for the submission and adoption of the 1963 budget (see G. L. c. 44, § 32, as amended through St. 1953, c. 51 and c. 79) and thus made possible compliance by the city with the first sentence of § 33A. There can be no doubt (see *Doherty* v. *Woburn,* 345 Mass. 523, 525–526, and discussion of the first ordinance there considered) that, by such an ordinance, the maximum pay raises (those effective December 30, 1963) validly could have been made effective as of January 1, 1963, rather than by gradual stages through 1963. That these increases were first to be received by the officers and employees concerned by stages during 1963 did not cause the ordinance as a whole to be one that was not effective as of January 1, 1963 (see language following point [B], fn. 3). We hold that it was within the authority given to the council by § 33A to provide for salary increases by stages during 1963 in this manner.

2. The city also contends that the ordinance failed to comply with G. L. c. 41, § 108A (as amended through St. 1960, c. 87), which provides that a "city by ordinance . . . may establish, and from time to time amend, a plan classifying any or all positions . . . into groups and classes do-

ing substantially similar work" and that it may "establish, and from time to time amend, a plan establishing" salaries for the employees in positions so classified. It is suggested that the ordinance does not appropriately and explicitly amend the then existing salary plan (see fn. 1) which had become effective September 1, 1960. As a matter of draftsmanship, it would have been appropriate to make direct revisions of the classification and salary plans, but this in substance is what the ordinance does by suitable references to the grades outlined in the 1960 plan and to its provisions.

3. The interlocutory decree and the final decree are affirmed.

*So ordered.*