HENRY E. BERGER & others *vs.* TOWN OF WELLESLEY & another.

Norfolk. April 3, 1956. — May 11, 1956.

Present: QUA, C.J., WILKINS, WILLIAMS, COUNIHAN, & WHITTEMORE, JJ.

*Moot Question. Zoning.*

Controversies alleged in the bill in a suit in equity by residents of a town to determine whether or not the town under its zoning by-law was entitled to use certain premises as a municipal parking lot and whether or not the owner of such premises was entitled to alter them in order to lease them to the town for such use became moot when, pending the suit, an amendment to the zoning by-law expressly permitting that use in the districts in which the premises were located became effective.

BILL IN EQUITY, filed in the Superior Court on July 11, 1955.

The suit was heard by *Morton, J.*

*William R. Cook,* for the defendants.

*Albert Auburn,* (*Richard Bancroft* with him,) for the plaintiffs.

WILLIAMS, J. This is a suit in equity under G. L. (Ter. Ed.) c. 231A by eleven residents of the town of Wellesley to obtain a binding declaration of the right of the town under its zoning by-law to lease certain land from the defendant Helen L. Fraser for the purpose of maintaining a municipal parking lot for automobiles. The premises are located partly in a single residence district and partly in a general residence district as designated and established by the zoning by-law. This by-law, at the time the bill was filed, provided in § 2 that in a single residence district premises shall not be altered or used for any purpose except those specified, one such purpose being "Public school or other public use" (2 B 3), and in § 3 that in a general residence

district premises shall not be altered or used for any purpose except those specified, including "Any purpose authorized in the single residence districts" (3 B 1). In 1950 the town amended its zoning by-law, which had been passed in 1925, by establishing additional districts designated single residence districts A and general residence districts A in which, in addition to the uses permitted in single and general residence districts, premises might be used for a "Lot for the temporary parking of motor vehicles." On June 28, 1955, the town voted to authorize its selectmen to lease from the defendant Fraser premises on the southerly side of Church Street between Abbott and Waban streets for a municipal parking lot "the rent for which shall be paid exclusively from the receipts from parking meters to be installed thereon, the said lease to contain such other provisions as the selectmen may determine to be in the best interests of the town."

The plaintiffs allege controversies with Fraser in respect to her right to alter her premises for the purpose of the lease and with the town over its right under the by-law to use the premises when leased for a municipal parking lot. Their contention that the vote of June 28, because of lack of specific instructions to the selectmen, constituted an illegal delegation of power, is no longer at issue because of a vote of the town passed on September 26 whereby the selectmen were again authorized to enter into the lease and were given specific instructions as to its terms. At the hearing on the bill the judge found that no issue is now raised as to the form of the September vote. He ruled that the words "other public use" as appearing in § 2 B 3 of the zoning by-law did not include use of premises for a municipal parking lot, and that the provisions in the amendments of 1950 relating to the use of premises for parking automobiles in single and general residence districts A excluded by implication such use in single and general residence districts. A final decree was entered declaring that under the zoning by-law in force on October 3, 1955, Fraser has no right to establish her premises for the temporary

parking of automobiles for public use and that the town has no right to establish a municipal parking lot on these premises; and enjoining the town from taking further action in carrying out the votes of June 28 and September 26. Both defendants appealed from the decree.

At the argument in this court counsel for the town submitted an affidavit setting forth the copies of the records of the Wellesley town clerk relating to an amendment of the zoning by-law after the final decree was entered and to a subsequent vote of the town in respect to the lease. See *Hubrite Informal Frocks, Inc.* v. *Kramer*, 297 Mass. 530, 532–533. From this affidavit we are satisfied that at a town meeting held on November 28, 1955, the town voted, under article 9 of the warrant, to amend § 2 of the by-law by striking out B 3 and inserting in place of the words "Public school or other public use" the words "Public school, municipally owned or operated public parking lot or other public use," that proceedings for obtaining the approval of the Attorney General were taken in accordance with the provisions of G. L. (Ter. Ed.) c. 40, § 32, as appearing in St. 1952, c. 337, and that the amended by-law is now in effect. We are also satisfied from the affidavit that at the town meeting on November 28 it was voted under article 13 of the warrant to confirm and renew the authority granted to the selectmen by the votes in the town meetings of June 28 and September 26. In the absence of any evidence to the contrary it may be assumed that the action taken under article 9 preceded that taken under article 13.

It therefore now appears that the controversies which the plaintiffs alleged in their bill have become moot and no occasion exists to consider the propriety of their proceeding (see *Povey* v. *School Committee of Medford*, 333 Mass. 70, 71–72) or the correct interpretation of the zoning law before its amendment on November 28. The decree is reversed and a final decree is to be entered dismissing the bill without costs of this appeal to any party.

*So ordered.*