JAMES D. VASILAKIS *vs.* CITY OF HAVERHILL & another.

Essex. January 6, 1959. — April 28, 1959.

Present: WILKINS, C.J., RONAN, SPALDING, WHITTEMORE, & CUTTER, JJ.

*Zoning. Equity Pleading and Practice,* Declaratory proceeding. *Words,*
"And/or," "Ground area."

A variance granted by a zoning board of appeals of a city to the lessee of
a lot located partly in a business district and partly in a residence dis-
trict to use the front part of the lot located in the residence district
"for parking purposes only for the customers" of his roadside restaurant
built on the rear part of the lot located in the business district, with the
restriction that "no more buildings or structures of any kind . . .
[should] be built on the property," allowed continued use of the front
part of the lot for such parking, so long as no new building or structure
of any kind, including any addition to the restaurant, was built any-
where on the lot, after a revision of the zoning ordinance had placed
the entire lot in a rural residential district where a restaurant parking
lot was not a permitted use. [99–100]

An article of a zoning ordinance, providing that "Any building, part of a
building, or land which at the time of the adoption of this ordinance
is being put to a use which does not conform with the provisions of
this ordinance may be . . . Enlarged to an extent up to twenty-five
per cent (25%) of the floor and/or ground area of the building or land
which was used at the time of the adoption of this ordinance," stated
enlargement limits for a nonconforming building related only to the
existing building size and enlargement limits for a nonconforming land
use related to the amount of land already in such use, and under such
article a one story nonconforming building might be enlarged up to
twenty-five per cent of its floor area but not up to twenty-five per cent
of the area of the lot on which it stood. [100–101]

A final decree dismissing a suit in equity which presented a proper case
for declaratory relief under G. L. c. 231A was reversed and a declara-
tory decree ordered to be entered in the trial court in accordance with
the opinion of this court. [101]

BILL IN EQUITY, filed in the Superior Court on November
30, 1956.

The suit was heard by *Cahill,* J.

*Dean E. Nicholson,* for the plaintiff.

*Frederick H. Magison,* City Solicitor, for the defendant, submitted a brief.

WHITTEMORE, J. The plaintiff has appealed from a final decree of the Superior Court which dismissed a bill in equity for a declaratory decree brought against the city of Haverhill and its building inspector to determine the plaintiff's rights under the Haverhill zoning ordinance, art. 4, § 1, 3, as applied to his application for a permit to add to a building at 90 Amesbury Road and thereby enlarge his existing nonconforming use. We state the relevant facts as found by the judge or shown by exhibits.

The plaintiff in 1948 built a roadside restaurant on the lot of which he is lessee. At that time a strip 70 feet in width along Amesbury Road[1] was zoned for residential use. The rear part of the lot was zoned for business. On October 25, 1948, the board of appeals for the zoning ordinance voted to grant a variance to the plaintiff to use all of the lot "for parking purposes only for the customers to . . . [the] stand located in the business area." The recorded reasons included "Because the balance of 70′ of the lot in question was not suitable for residential uses due to the fact that 30′ had already been used in conformance with the ordinance for business purposes." One of four "restrictions" was "no more buildings or structures of any kind to be built on the property." Although it is not expressly found, we conclude from the terms of the variance and the indications of a plan in evidence that the building has been built in the business area.

An amendment of the zoning ordinance in 1956, which struck out the existing ordinance and inserted a new one, placed all of the premises at 90 Amesbury Road in a rural residence district. Article 4, § 1, 3, of the new ordinance provides that "Any building, part of a building, or land

---

[1] The width of the residence strip is not stated in the findings. The exhibits indicate that it was 100 feet. The amended zoning ordinance of February 15, 1944, provides, "Where a district boundary line divides a lot in a single ownership at the time of the adoption of such line, the regulations as to use for the less restricted portion of such lot may extend to the entire lot, but not more than thirty feet within the boundary line of the more restricted district."

which at the time of the adoption of this ordinance is being put to a use which does not conform with the provisions of this ordinance may be . . . d. Enlarged to an extent up to twenty-five per cent (25%) of the floor and/or ground area of the building or land which was used at the time of the adoption of this ordinance."

The plaintiff thereafter applied to the building inspector for a building permit, which the inspector declined to issue, to enlarge the existing building from about 720 square feet to 3,000 square feet. The lot has an area of 45,000 square feet, more or less, all of which was being used for business purposes when the 1956 amendment was adopted.

The judge ruled that the plaintiff would be entitled to a building permit under art. 4, § 1, 3, were it not for the restriction of the variance, but that the restriction is still in force.

1. The restriction imposed by the variance is on the use of the 70 foot front of the lot for parking purposes. That variance allowed a limited business use of a residential area. The amendment of 1956 did not so reclassify the lot that a restaurant parking lot became a permitted use in the new rural residential district. Therefore the continued use of the front strip for parking is a nonconforming use pursuant to the variance. The plaintiff has a right to use rural residential land for a nonpermitted purpose because he was so using it when the new ordinance was adopted. But the permission for the exercise of that nonconforming use was conditional. There was an appropriate limitation of use as expressly authorized by G. L. c. 40, § 30. The new ordinance did not enlarge the nonconforming use or make the restriction insignificant. It may be that newly permitted uses have changed the criteria which the board of appeals might deem relevant in determining whether a variance should be granted. We express no opinion on this issue which might arise if another petition for a variance were to be filed. So long as the plaintiff's right to use the 70 foot strip for parking depends, as it now does, on the variance granted October 25, 1948, the plaintiff may continue that use only so long

as no new building or structure of any kind, including any addition to the existing building, is built anywhere on the lot of about 45,000 square feet.

2. The limitation of the variance placed no direct restriction on the use of that part of the lot then zoned for business. The plaintiff, on that part of the lot, now in a rural residential area, has a nonconforming use which is subject to art. 4, § 1, 3, of the new zoning ordinance.

We think that the words "and/or" do not give the meaning to art. 4, § 1, 3, for which the plaintiff contends. We construe the intent obscured by the use of these seductive substitutes for precision (see *Grandchamp* v. *Costello*, 289 Mass. 506, 507; *Hanson* v. *Bradley*, 298 Mass. 371, 378; *Commonwealth* v. *Devlin*, 335 Mass. 555, 566) to be to state enlargement limits for a nonconforming building related only to the existing building size, and enlargement limits for a nonconforming land use related to the amount of land already in such use. If the area of the building could be enlarged by twenty-five per cent of the area of the lot on which it happens to stand, the nonconforming building use could be disproportionately expanded. This would raise a serious issue as to the validity of the ordinance constitutionally and under the enabling statute. We need not here determine the limits of change of use which a zoning ordinance or by-law may expressly authorize for land or buildings which are in nonconforming use. See *LaMontagne* v. *Kenney*, 288 Mass. 363; *Planning Bd. of Reading* v. *Board of Appeals of Reading*, 333 Mass. 657, 659–661. It is enough to note that the probable invalidity of the construction urged by the plaintiff speaks against it.

We need not pause to determine whether the words "ground area" are to be read otherwise than in relation to an expansion of an existing use of land, or the permissible limits of increase in size of a multi-story building. The plaintiff's building has only one story and it will be soon enough to make further construction when the need therefor arises if in the meantime the ordinance is not amended. The plaintiff has a right to a permit for the enlargement of

his building on the part of the lot formerly zoned for business up to and not in excess of twenty-five per cent of its ground floor (that is, its only floor) area. An enlargement, however, as ruled in point 1, *supra*, will end the plaintiff's right to the use of the front part of the lot under the variance of October 25, 1948.

3. The plaintiff is entitled to a declaratory decree (*Publico* v. *Building Inspector of Quincy*, 336 Mass. 152, 155), as in every case where the proceeding is properly brought, and remains adjudgeable, under G. L. c. 231A. *Jacobson* v. *Jacobson*, 334 Mass. 658, 662. Compare *Povey* v. *School Comm. of Medford*, 333 Mass. 70; *Berger* v. *Wellesley*, 334 Mass. 193, 195, where the bills were properly ordered dismissed.

The decree is reversed. A declaratory decree is to enter in the Superior Court in accordance with this opinion.

*So ordered.*