ERVIN E. HANNAN *vs.* ENTERPRISE PUBLISHING CO.
& another.

Plymouth.    October 3, 1960. — November 8, 1960.

Present: WILKINS, C.J., SPALDING, WILLIAMS, WHITTEMORE, &
CUTTER, JJ.

*Arbitration.    Labor.    Equity Pleading and Practice,* Declaratory proceed-
ing.

A suit in equity by a discharged employee against his employer and his
labor union seeking a declaratory decree as to his rights under a con-
tract between the employer and the union necessarily involved a deter-
mination of the effect on his rights of the decision made in an arbitration
respecting his discharge held pursuant to the contract; it was immate-
rial that the arbitrator's decision was not made the subject of a plea in
bar by the defendants.    [365]

A discharged employee had no further rights under a contract between
his employer and his labor union after an arbitrator in a properly con-
ducted arbitration held pursuant to the contract had decided that the
discharge was justified by reason of certain conduct of the employee
which the arbitrator found was "gross misconduct" within a provision
of the contract that an employee should not be discharged "except for
gross misconduct."    [365]

In a suit in equity presenting a proper case for declaratory relief under
G. L. c. 231A, the bill should not be dismissed where the result on the
merits is adverse to the plaintiff, but a declaratory decree stating that
result should be entered.    [365]

BILL IN EQUITY, filed in the Superior Court on July 19,
1957.

The suit was heard by *Reardon,* C.J.

*Lester S. Cramer,* for the plaintiff.

No argument nor brief for the defendants.

WILKINS, C.J.    The plaintiff, a part time truck driver for
the defendant Enterprise Publishing Co. and a member of
the defendant Newspaper Guild of Brockton, brings this
bill for declaratory relief.    On April 9, 1953, he was or-
dered by his employer to go to the post office to pick up
empty mail bags.    He refused on the ground that "he would

go as a driver but not as a lumper," and was discharged. The facts we recite are either admitted in the pleadings or contained in a report of material facts made by the trial judge under G. L. c. 214, § 23 (as amended through St. 1947, c. 365, § 2). He found adversely to the plaintiff, who appealed from a final decree dismissing the bill.

A union-management agreement between the publishing company and the guild provided (art. IV, § 1), with an exception not now material, that no employee covered by this agreement should be discharged "except for gross misconduct while on duty." The plaintiff reported his discharge to the president of the guild, which took immediate action under the arbitration procedure mentioned in art. IX of the agreement. Section 3 of art. IX read: "In the event that the publisher and the standing committee [of the guild] are unable to reach an agreement within five days of presentation of an issue, and there is not mutual agreement that this five-day period be expanded, either party may, on motion, submit the issue to arbitration providing the issue affects interpretation or application of any part of the agreement machinery for the arbitration to be set up by the publisher and the guild."

In February, 1954, there was a hearing before an arbitrator "agreed to by all parties." The arbitrator found that the plaintiff's refusal to obey the order constituted "gross misconduct," and upheld the discharge. The trial judge's report states that there was "nothing by way of agreement or otherwise" which on April 9, 1953, precluded the employer from assigning the plaintiff to the task he was ordered to do; that that task was similar to that performed on other occasions by part time truck drivers; that the plaintiff's refusal to obey the order constituted "gross misconduct"; that the discharge was justified; that the guild and its officers employed their best efforts in behalf of the plaintiff, whose rights under the contract have been fully protected; and that there was no evidence to support the plaintiff's allegation of a conspiracy between the defendants to deprive him of his rights.

We construe the bill as seeking declaratory relief as to the rights of the plaintiff under the agreement. This necessarily must embrace the effect of the arbitration on those rights. It is of no consequence that the arbitration was not made the subject of a plea in bar. "The proper office of a plea is to set forth some single fact or point, the establishment of which will defeat the suit or the part of the suit to which the plea applies." *S. Solomont & Sons Trust, Inc.* v. *New England Theatres Operating Corp.* 326 Mass. 99, 110. In the present case the hearing was of the entire case and not of such part as might have been made the subject of a plea. In the absence of fraud an arbitration decision is binding though there may have been committed an error of law or fact in reaching that decision. *Kesslen Bros. Inc.* v. *Board of Conciliation & Arbitration,* 339 Mass. 301, 302, and cases cited. *Louison* v. *Fischman, ante,* 309, 313. Here the trial judge upon unreported evidence has found, in substance, that there was no fraud, no conspiracy of the defendants, no impropriety in the conduct of the arbitration. While unnecessary to our decision, we shall state that no error of law or fact is apparent. None has been shown in the conclusion, reached by both the arbitrator and the trial judge, that the plaintiff's refusal to obey the order was "gross misconduct." The plaintiff argues that in order to make such a finding "the court must examine the conduct at issue in the light of all the circumstances." The record does not show that the court below did not do so. Nor does the record reveal any circumstances of the slightest aid to the plaintiff.

The bill was dismissed, doubtless because much of the relief sought by the plaintiff could not be granted on the facts found. The plaintiff, however, is entitled to a binding declaration as to his rights under the agreement. *Vasilakis* v. *Haverhill,* 339 Mass. 97, 101. *Willcutt* v. *Prescott,* 340 Mass. 532, 535.

The final decree is to be modified by making a declaration that the plaintiff has no further rights under the union-management agreement, and, as so modified, it is affirmed.

*So ordered.*