ANTONIO JOAQUIM DE ARAUJO BRITO & others vs. TOWN OF PROVINCETOWN & another. March 16, 1972. This is an appeal from a final decree dismissing a bill in equity by which the plaintiffs seek injunctive and declaratory relief in connection with the town's construction of a public comfort station on land southerly and to the rear of their adjoining lots and buildings fronting on the southerly side of Commercial Street in Provincetown. The trial judge made a report of material facts found by him, and the evidence is reported. For the nature and extent of appellate review of findings on such a record, see *Hosken, Inc.* v. *Hingham Management Corp.* 328 Mass. 588, 589. We summarize the grounds on which the plaintiffs rely and the judge's action thereon. (1) They question the need for the station despite the town meeting vote authorizing its construction. The judge found that "the [existing] public toilet facilities . . . are inadequate [and] that . . . the proposed comfort station is necessary, required and desirable to serve the needs of the public at large." (2) They contend that the station will constitute a health nuisance by reason of odors, water pollution and the "hordes of people" it will attract. The plans and specifications for the station have the required approval of State

and town health authorities none of whom are made parties to the suit. The judge found that "without resort to speculation or conjecture" he could not "assume nor . . . conclude that the use of this facility will be injurious, noxious or offensive to the neighborhood by reason of the emission of odors, fumes or other cause, or that it shall constitute a nuisance." (3) They allege in effect that they have acquired title by adverse possession of the land where the station is to be constructed. The judge found and ruled that they "have not sustained the burden of proving by fair preponderance that the location of the comfort station is upon land owned by them or in which they have an interest." These three grounds were fully litigated and were decided against the plaintiffs. The judge's findings thereon are supported by the evidence and are not plainly wrong. His rulings of law were correct. Under its zoning by-law the town was required to obtain a special permit from its board of appeals to build the station. The board granted such a permit which it mistakenly called a "variance." The plaintiffs attempt to question the validity of the permit for alleged failure of the board to comply with statutory requirements as to notice and procedure. General Laws c. 40A, § 21, as amended through St. 1960, c. 365, provides a special remedy to persons "aggrieved by a decision of the board of appeals," and it further provides that "[t]he foregoing remedy shall be exclusive." See *Lincoln* v. *Board of Appeals of Framingham*, 346 Mass. 418, 420. The remedy in the present case is an appeal to the Superior Court by a bill in equity in which "all the members of the board of appeals shall be named as parties . . . [defendant]." The plaintiffs named no members of the board as parties defendant, and they are therefore not entitled to question the validity of the permit. Because the final decree did not declare the rights of the parties on the issues litigated, it is reversed. *Vasilakis* v. *Haverhill*, 339 Mass. 97, 101. *Hannan* v. *Enterprise Publishing Co.* 341 Mass. 363, 365. A new decree is to be entered declaring that the proposed comfort station is reasonably necessary, that it will not constitute a nuisance, that the land where the station is to be built belongs to the town of Provincetown, and that the validity of the special permit granted by the board of appeals is not at issue in this case.

*So ordered.*

*Maurice H. Kramer & Joseph H. Seaman,* for the plaintiffs, submitted a brief.

*Robert A. Welsh, Jr.,* Town Counsel, for the Town of Provincetown.