DANIEL J. SWEENEY & others *vs.* CITY OF BOSTON & others. September 28, 1979. The plaintiffs, five Boston policemen, commenced an action in the Superior Court pursuant to G. L. c. 231A, § 1, seeking a declaration that the defendants (the mayor, the police commissioner and the city treasurer) are wrongfully withholding from them salary increases to which they claim police officers are entitled by virtue of an ordinance passed by the city council and purporting to establish specific salary bases for the Boston police.

The power to fix the salaries of the Boston police is vested exclusively in the mayor, acting through the police commissioner. St. 1906, c. 291, § 10, as amended by St. 1962, c. 322, § 1, and St. 1964, c. 230, § 1. Compare *Bartley* v. *Watertown*, 350 Mass. 622, 625 (1966); *Labor Relations Commn.* v. *Natick*, 369 Mass. 431, 438 (1976). This statutory authority is an affirmative grant of power to the mayor which precludes the city council from exercising it. See 5 McQuillin, Municipal Corporations §§ 15.15, 15.22 (3d ed. 1969). Compare *Doherty* v. *Woburn*, 345 Mass. 523, 527 (1963). As the one responsible for setting these salaries, the mayor was engaged in collective bargaining on the topic as required by G. L. c. 149, § 178I (as then in effect and subsequently replaced by G. L. c. 150E, §§ 1, 2, inserted by St. 1973, c. 1078, § 2). *Mendes* v. *Taunton*, 366 Mass. 109, 118 (1974).

The plaintiffs cannot rely upon G. L. c. 41, § 108A, as authorization to the city council to intrude upon the mayor's power or the bargaining process. Although that provision allows a city council to enact an

ordinance establishing a plan fixing the salaries of classified or grouped employees, it must be read harmoniously with G. L. c. 149, §§ 178G-178N (now G. L. c. 150E), as required by *Mendes, supra* at 114. When so read, it is clear that it does not encompass the Boston police, whose salaries are specifically determined otherwise by the mayor (St. 1906, c. 291, § 10, as amended) as arrived at through the collective bargaining process. To read § 108A as empowering the city council to ignore this process and to set salaries on its own initiative is to create a conflict among these statutory provisions which does not now exist and which would be in direct contradiction to *Mendes, supra* at 114. The city council was precluded by statute from enacting the ordinance, which is, therefore, of no legal effect. It is unnecessary to consider other issues raised by the plaintiffs. See *Massachusetts Probation Assn.* v. *Commissioner of Admn.*, 370 Mass. 651, 652 (1976); G. L. c. 231A, §§ 1, 2.

*Judgment affirmed.*

*Henry Wise (Kevin P. Phillips* with him) for the plaintiffs.

*Dennis G. Austin,* Assistant Corporation Counsel, for the defendants.