RICHARD MACEACHERN & others *vs.* CITY OF BOSTON. April 23, 1980. By the terms of St. 1964, c. 230, § 1, the Legislature provided, among other things, that the annual salaries of officers in the Boston police department "shall be not less than the annual salaries officers and members of the metropolitan district commission [MDC] police force, of corresponding rank and years of service in such rank, were receiving on November third, nineteen hundred and sixty-four." The plaintiffs petitioned (the pleading was filed before July 1, 1974, the date upon which the Massachusetts Rules of Civil Procedure became effective, 365 Mass. 730 [1974]), for a binding declaration construing St. 1964, c. 230, § 1, to require that Boston police officers' compensation be at all times not less than the pay for MDC officers as adjusted from time to time. The trial judge correctly concluded that the statute did not legislate continuing parity between the pay of Boston police officers and MDC police officers.

1. The plaintiffs' resort to the title of the 1964 act and a referendum by the voters of Boston to accept the provisions of the act as history which aids in its construction is not apt because the statutory language concerned is unambiguous. *School Comm. of Wellesley* v. *Labor Relations Commn.*, 376 Mass. 112, 126 (1978). *Department of Community Affairs* v. *Massachusetts State College Bldg. Authy.*, 378 Mass. 418, 427 (1979). *Keane* v. *City Auditor of Boston*, 380 Mass. 201, 207 n.5 (1980). Nor is this a case where the plain words of the statute lead to either an absurd or unworkable result. See e.g., *Hein-Werner Corp.* v. *Jackson Indus., Inc.*, 364 Mass. 523, 527-528 (1974). There is nothing either absurd or unworkable about an act which establishes a floor for compensation, rather than parity. In effect, the plaintiffs ask us to rewrite the statute by adding to the words "were receiving on November third, nineteen hundred and sixty-four," the words, "or as they may from time to time receive thereafter."

2. As we said in *Sweeney* v. *Boston*, 8 Mass. App. Ct. 907 (1979), the power to fix the salaries of the Boston police is vested exclusively in the mayor, acting through the police commissioner. They are required to bargain collectively on the topic, as now required by G. L. c. 150E, §§ 1, 2. On the plaintiffs' view of the 1964 statute, the outcome of MDC negotiations might disrupt "a fragile compromise struck after long negotiations." *Keane* v. *City Auditor of Boston*, 380 Mass. at 209. In that case, the court, "absent contrary legislative direction . . . cast[s] a cold eye on rules that would multiply the number of entities involved in the collective

bargaining process." *Ibid.* On the similar facts which this case presents, our visage is no less wintry.

3. The trial judge should not, however, have dismissed the petition. When a complaint asks for a declaratory judgment, and the court determines that it has jurisdiction, the action should not be dismissed; the rights of the parties should be declared. *Hannan* v. *Enterprise Publishing Co.,* 341 Mass. 363, 365 (1960). *Haverhill Manor, Inc.* v. *Commissioner of Pub. Welfare,* 368 Mass. 15, 31, cert. denied, 423 U.S. 929 (1975). *Attorney Gen.* v. *Kenco Optics, Inc.,* 369 Mass. 412, 418 (1976).

The judgment is to be modified by making a declaration that St. 1964, c. 230, § 1, does not require that Boston police officers be paid on a parity with MDC police officers, and, as so modified, it is affirmed.

*So ordered.*

*Henry Wise* for the plaintiffs.
*Dennis G. Austin,* Assistant Corporation Counsel, for the defendant.