JAMES A. HAWKINS *vs.* COMMISSIONER OF CORRECTION &
another.[1]

Suffolk. February 5, 1990. - March 14, 1990.

Present: LIACOS, C.J., WILKINS, ABRAMS, & LYNCH, JJ.

*Fair Information Practices Act*, Availability of remedy, Data subject.
*Criminal Offender Record Information. Criminal Records. Declaratory*
*Relief.*

The inclusion by prison officials of a classification report authorizing a
prison inmate's transfer to a lower security facility and the disciplinary
report that the inmate received for refusing to transfer as exhibits to a
motion by the officials to dismiss an action by the inmate in Federal
court did not constitute a violation of G. L. c. 66A, the Fair Informa-
tion Practices Act, where the reports were criminal offender record in-
formation as defined in G. L. c. 6, § 167, and, therefore, were not pro-
tected "personal data" under G. L. c. 66A. [899-900]

Although a prison inmate's pro se "writ of mandamus in the nature of a
civil complaint" before a single justice of this court, arising out of an
allegedly unlawful disclosure to a Federal court of certain prison
records relating to him, was without merit, this court, construing the
pro se complaint as including a request for a declaratory judgment, re-
manded the case to the single justice for entry of a judgment declaring
that the inmate possesses no statutory right to prevent the disclosure of
the reports to the Federal court. [900]

CIVIL ACTION commenced in the Supreme Judicial Court
for the county of Suffolk on May 22, 1989.

The case was heard by *Nolan,* J.

The case was submitted on briefs.

*James A. Hawkins,* pro se.

*Nancy Ankers White,* Special Assistant Attorney General,
& *Ann M. McCarthy,* for the Commissioner of Correction &
another.

[1]Ann M. McCarthy.

LYNCH, J. The plaintiff, James A. Hawkins, appeals from the denial by a single justice of this court of his pro se "writ of mandamus in the nature of a civil complaint" by which he sought injunctive and declaratory relief, damages, and costs arising out of the allegedly unlawful disclosure of certain prison records relating to him.

The plaintiff is an inmate, lawfully within the custody of the Department of Correction (department), incarcerated at the Massachusetts Correctional Institution at Cedar Junction. In May, 1989, he filed a complaint in the United States District Court for the District of Massachusetts against various prison officials employed by the department. The dispute underlying this complaint arose when the plaintiff was classified for transfer to a lower security facility but refused to comply with the transfer.

The named prison officials, represented by the defendant Ann M. McCarthy, responded to the plaintiff's complaint by filing a motion to dismiss or in the alternative for summary judgment. Attached as exhibits to the motion to dismiss were the classification report that authorized the plaintiff's transfer and the disciplinary report that the plaintiff received for refusing to transfer.

In addition to seeking an impoundment order in the Federal court proceeding, the plaintiff also immediately sought relief in the Supreme Judicial Court for Suffolk County. He claims that the inclusion of the classification report and the disciplinary report as exhibits to the Federal motion to dismiss constituted a violation of G. L. c. 66A (1988 ed.), the Fair Information Practices Act. In response, the defendants argue that the reports are criminal offender record information under G. L. c. 6, § 167 (1988 ed.) and, therefore, are not protected "personal data" under G. L. c. 66A. The defendants also argue, alternatively, that the plaintiff should be deemed to have waived any right to confidentiality with respect to these records by filing the Federal action identifying himself as a prisoner and discussing his custody status.

We need not reach the defendants' implied waiver argument. General Laws c. 66A, § 1, specifically excludes crimi-

nal offender record information, as defined by G. L. c. 6, § 167, from the protected status created by the act. The definition of "[c]riminal offender record information" in G. L. c. 6, § 167, includes "records and data in any communicable form compiled by a criminal justice agency which concern an identifiable individual and relate to . . . incarceration . . . ." A prison is a "criminal justice agency" under G. L. c. 6, § 167.[2]

The plaintiff's complaint in the county court, therefore, was clearly without merit. However, we construe the plaintiff's pro se complaint to have included a request for a declaratory judgment. He is therefore entitled to a binding declaration as to his rights. *Hannan* v. *Enterprise Publishing Co.*, 341 Mass. 363, 365 (1960). *Vasilakis v. Haverhill*, 339 Mass. 97, 101 (1959).

We therefore remand the case to the Supreme Judicial Court for Suffolk County, where a judgment shall be entered declaring that the plaintiff possesses no statutory right to prevent the disclosure of the classification and disciplinary reports to a Federal court.

*So ordered.*

---

[2]It is true that criminal offender record information is to be received only by certain specified government agencies, but a Federal court is one such agency. G. L. c. 6, §§ 167, 172.