van Gestel, Allan, J.
This matter is before the Court on Defendants’ Motion for Summaiy Judgment, Paper #10. The motion is opposed.
BACKGROUND
While there is a somewhat lengthy factual history between the plaintiff, Christine Anne Realty Corp. (“Christine Anne”), and the defendant Gulf Insurance Company (“Gulf j, much of that history can be summarized in a conclusory fashion.
Gulf issued an insurance policy to Christine Anne with an applicable policy period of November 10, 1998 to November 10, 2001 (the “Policy”). The Policy includes property coverage for designated premises, including the building located at 87 West Cedar Street in Boston (“87 West Cedar”). The Policy’s property coverage insures, among other things, “against all direct loss to the property .. . caused by . . . FIRE . ..”
On March 11, 2001, a fire occurred at 87 West Cedar causing direct loss thereto.
Christine Anne went through a series of three adjustors assisting it in dealing with Gulfs representatives relating to the fire loss. Two of the adjustors were public adjustors and the third, and last, was Christine Anne’s attorney, Stephen A. Greenbaum (“Attorney Greenbaum”). It is through this adjustment period that the Court sees no need to detail the facts. It is enough to say that there were a lot of communications and negotiations between the adjustors, including Attorney Greenbaum, and Gulf.
On March 3, 2003, Gulf received documentation from Attorney Greenbaum supporting a claim “for loss of rental income.” Thereafter, on March 10, 2003, Gulf received documentation from Attorney Greenbaum supporting a claim “solely for the damage occasioned by the fire, smoke, water, and attendant loss and damage.”
Gulf reviewed the documentation from Attorney Greenbaum and, on May 19, 2003, denied coverage based upon, inter alia, the Policy’s two-year suit limitation, which expired on March 11, 2003.
Because the Policy insures against loss or damage by fire it includes the terms and conditions of the Massachusetts standard form fire insurance policy, as imposed by G.L.c. 175, §99. Included in c. 175, §99, is the following:
No suit or action against this company for the recovery of any claim by virtue of this policy shall be sustained in any court of law or equity in this commonwealth unless commenced within two years from the time the loss occurred.
A general condition of coverage under the Policy provides that “(t]he terms of this insurance shall not be waived, changed or modified except by endorsement issued to form a part of this policy.” Although Christine Anne claims an oral waiver of the limitations period because the parties were in adjustment/settlement discussions, no endorsement ever “issued to form a part of this (P)olicy.”
Despite the denial of coverage by Gulf on May 19, 2003, this suit was not commenced until February 24, 2006.
The Amended Verified Complaint, dated October 13, 2006, contains seven counts, as follows: Count I for violation of G.L.c. 93A, §§2 and 11; Count II for violation of G.L.c. 176D; Count III for breach of contract; Count IV for breach of the implied covenant of good faith and fair dealing; Count V for misrepresentation; Count VI for promissory estoppel; and Count VII for a declaratory judgment.
DISCUSSION
Rule 56(c) of the Massachusetts Rules of Civil Procedure, 365 Mass. 824 (1974), provides that summary judgment is appropriate “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” We view the evidence in the light most favorable to the nonmov-ing party. See BayBank v. Bornhofft, 427 Mass. 571, 573 (1998).
Vittands v. Sudduth, 49 Mass.App.Ct. 401, 405-06 (2000).
Thus, summary judgment is granted where, viewing the evidence in the light most favorable to the non-moving party, here Christine Anne, there are no issues of genuine material fact, and the moving party, here Gulf and its successors, is entitled to judgment as a matter of law. Cabot Corporation v. AVX Corporation, 448 Mass. 629, 636-37 (2007); Hakim v. Massachusetts Insurers’ Insolvency Fund, 424 Mass. 275, *365 281 (1997); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Mass.R.Civ.P. 56(c). “[T]he moving party must establish that there are no genuine issues of material fact, and that the non-moving party has no reasonable expectation of proving an essential element of its case.” Miller v. Mooney, 431 Mass. 57, 60 (2000). See also Pederson v. Time, Inc., 404 Mass. 14, 17 (1989).
While we examine the record in its light most favorable to the nonmoving party, Foster v. Group Health, Inc., 444 Mass. 668, 672 (2005), “[cjonclus-ory statements, general denials, and factual allegations not based on personal knowledge [are] insufficient to avoid summary judgment” (citations omitted). Cullen Enters., Inc. v. Massachusetts Prop. Ins. Underwriting Ass’n, 399 Mass. 886, 890 (1987). “If the opposing party fails properly to present specific facts establishing a genuine, triable issue, summary judgment should be granted.” Id.
O'Rourke v. Hunter, 446 Mass. 814, 821-22 (2006).
“ ‘[T]he party moving for summary judgment in a case in which the opposing parly will have the burden of proof at trial is entitled to summary judgment if he demonstrates . . . that the party opposing the motion has no reasonable expectation of proving an essential element of that party’s case.’ Wheatley v. American Tel & Tel. Co., 418 Mass. 394, 397 (1994), quoting Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1994).” Symmons v. O’Keefe, 419 Mass. 288, 293 (1995). See also DiPietro v. Sipex Corp., 69 Mass.App.Ct. 29, 36 (2007).
In Schwartz v. The Travelers Insurance Company, 50 Mass.App.Ct. 672 (2001), the Appeals Court ruled, among other things, that “the statute of limitations set forth in the standard form contract found in G.L.c. 175, §99, must be read as inapplicable to claims brought under G.L.c. 93A that are grounded in G.L.c. 176D.” Id. at 677. Nevertheless, in Schwartz the Appeals Court went on to find the c. 93A claims grounded on c. 176D to be time-barred “under the more expansive G.L.c. 260, §5A, four-year statute of limitations.” Id.
Here, Christine Anne was told by Gulf on May 19, 2003, that its claim was denied for, among other things, statute of limitations grounds. This suit was filed on February 24, 2006, fewer than three years from the date of the Gulf notice on May 19, 2003, and fewer than three years from the communications between Attorney Greenbaum and Gulf in March of 2003. Consequently, Counts I and II,[2] to the extent grounded on alleged violations of c. 176D, ought not be dismissed on statute of limitations grounds.
Counts III, IV, V, and VI are in a different posture vis-a-vis the statute of limitations. So too is Count I to the extent it is grounded upon other than c. 176D violations. On these counts the language of c. 175, §99 become significant. The counts present “suit[s] or action[s] against [Gulf] for the recovery of. . . claim[s] by virtue of[the Policy].” Thus, the two-year limitations period applies to them.
Count VII asks for a declaratory judgment “establishing the Plaintiffs entitlement to recover under the Insurance Policy for damages sustained during the Fire that occurred at the Property on March 11,2001.” When declaratory relief is sought, the Court should not dismiss the case for any reason, but rather should make a declaration, even if the declaration is not what the plaintiff seeks, “the rights of the parties should be declared.” Mac Eachern v. City of Boston, 9 Mass.App.Ct. 907, 908 (1980).
ORDER
For the foregoing reasons, the Defendants’ Motion for Summary Judgment, Paper #10, is DENIED, in part, as to Counts I and II insofar as they are grounded on c. 176D issues, and as to Count VII; and ALLOWED in part as to Count I insofar as it is grounded on other than c. 176D issues, and as to Counts III, IV, V and VI.

Nile Court is aware that c. 176D does not provide a private right of action and, therefore, must be sued upon through the vehicle of c. 93A. Adams v. Liberty Mutual Insurance Company, 60 Mass.App.Ct. 55, 63 n.14 (2003).