Fremont-Smith, Thayer, J.
In 2004, plaintiff Angelo M. DiSanto’s residence in North Reading was damaged as a result of the jack-hammering and removal of rock on an adjacent property owned by Vincent Visconti and Landmark Homes. Citation Insurance Company and Commerce Insurance Company had issued DiS-anto a homeowner’s insurance policy. While not disputing coverage under the policy, the defendant insurance companies dispute the amount of plaintiffs damages and contend that plaintiff is barred from recovery against them because plaintiff failed to refer the dispute to referees, as mandated by G.L.c. 175, §99, which provides:
In case of loss under this policy and failure of the parties to agree as to the amount of loss, it is mutually agreed that the amount of such loss shall be referred to three disinterested men . . . and such reference, unless waived by the parties, shall be a condition precedent to any right of action in law or equity to recover for such loss . . .
It is not disputed that, although plaintiff was notified of this requirement by Commerce’s letter dated April 4, 2005, plaintiff never made any request that the dispute over the amount of loss be submitted to such referees. It is the insured’s obligation, as a condition precedent to suit, to request such reference: McCord v. Horace Mann Ins. Co., 390 F.3d 138 (1st Cir. 2004); Motea v. Aetna Ins. Co., 326 Mass. 542, 547 (1950); and this “condition precedent” to suit applies not only to plaintiffs breach of insurance contract claims, but also to his misrepresentation claims, Christine Anne Realty Corp. v. Gulf Insurance Company, 2007 WL 4707788 (Mass.Super. 2007) [23 Mass. L. Rptr. 363]. Accordingly, summary judgment as to Counts III (breach of contract), IV (breach of implied covenant of good faith and fair dealing), V (promissory estoppel), and VI and VII (misrepresentation) against the insurance companies, will be allowed.
Count VIII, however, alleges that the insurance companies have engaged in unfair insurance practices in violation of G.L.c. 93A and G.L.c. 176D. Although it is not disputed by the insurance defendants that this count of the complaint is not subject to the “reference” requirement, defendant insurance companies urge that is barred by the further provision of G.L.c. 175, §99 that
No suit or action against this company for the recovery of any claim by virtue of this policy shall be sustained in any court of law or equity in this commonwealth unless commenced within two years from the time the loss occurred . . .
Here, the loss occurred in 2004 and suit was filed on January 31, 2007. However, the Appeals Court has held, in Schwartz v. Travelers Indemnity Co., 50 Mass.App.Ct. 672 (2001), that G.L.c. 175, §99 must *454 be read as inapplicable to claims brought under G.L.c. 93A that are grounded in G.L.c. 176D “except where, unlike here, the allegations are no more than a recitation of the contract claim.”

ORDER

Accordingly, the motion of Commerce Insurance Company and of Citation Insurance Company is ALLOWED as to Counts III, IV, V, VI and VII of the Complaint, and is DENIED as to Count VIII.